EASTMAN KODAK CO. v. FEDERAL TRADE COMMISSION.

No. 13, Docket 19575.

Circuit Court of Appeals, Second Circuit.

Nov. 27, 1946.

Writ of Certiorari Denied March 3, 1947.

See 67 S.Ct. 869.

Nixon, Hargrave, Middleton and Devans, of Rochester, N. Y. (T. Carl Nixon, and Arthur L. Stern, both of Rochester, N. Y., and Thomas Kiernan, of New York City, of counsel), for petitioner.

W. T. Kelley, Chief Counsel, Walter B. Wooden, Assistant Chief Counsel, and Daniel J. Murphy, Sp. Atty., all of Washington, D. C., for respondent.

Isaac W. Digges, of New York City, Atty. for American Fair Trade Council, Inc., amicus curiæ.

Before SWAN, CLARK, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

The petitioner, Eastman Kodak Company, manufactures and sells in interstate commerce under the trade name "Kodachrome," photographic film for the taking of still and motion pictures in color. Another of its products is Magazine Cine-Kodak Film, both black and white and Kodachrome, packaged in a magazine which fits exclusively the patent protected cameras of the petitioner or its licensees. With respect to both Kodachrome and Magazine Film the petitioner has adopted a resale price maintenance policy to control the prices at which retail dealers may sell these commodities. The order of the Commission which the petitioner seeks to have set aside directs that the petitioner desist from entering into or continuing in operation any contract with its dealer-customers providing that Kodachrome Film or Magazine Film is not to be advertised, offered for sale or sold by such dealer-customers at prices less than those specified by the petitioner. The order also provides that if conditions later change so that there are other commodities of the same general class produced or distributed by others which are sold in free and open competition with the petitioner's Kodachrome or Magazine Film, then the Commission will, upon proper showing by the petitioner, reconsider the terms of its order in the light of such new conditions.

The Miller-Tydings amendment to section 1 of the Sherman Act, 15 U.S.C.A. § 1, excepts from the prohibitions of the statute resale price fixing agreements for a commodity sold under the producer's trade-mark, brand or name, provided such commodity "Is in free and open competition with commodities of the same general class produced or distributed by others," and provided agreements "of that description" are lawful as applied to intrastate transactions under the law of the state within which the resale is to be made. The Commission found as a fact that the petitioner's Kodachrome Film is not in the same general class as and is not in free and open competition with black and white film and that a purchaser wishing to take photographs or moving pictures in natural color is required to purchase film for this purpose solely from the petitioner. It further found that the petitioner's Magazine Cine-Kodak Film, both black and white and Kodachrome, is not sold in free and open competition with commodities of the same general class; that petitioner's Magazine Film is the only film on the market that can be used in the petitioner's Magazine Cine-Kodak Cameras, the Bell & Howell Magazine Cameras and the Perfex Magazine Cameras; and that the owners and purchasers of such cameras can use in such cameras only Magazine Film pur-

594

chased solely from the petitioner. Because of these findings the Commission concluded that the petitioner's resale price maintenance contracts covering its Kodachrome Film and its Magazine Film were not protected by the Miller-Tydings amendment. Unless so protected they constituted unfair methods of competition in violation of section 5 of the Federal Trade Commission Act, 15 U.S.C.A. § 45(a). See Federal Trade Comm. v. Beech-Nut Co., 257 U.S. 441, 42 S.Ct. 150, 66 L.Ed. 307, 19 A.L.R. 882; Armand Co. v. Federal Trade Comm., 2 Cir., 78 F.2d 707, certiorari denied, 296 U.S. 650, 56 S.Ct. 309, 80 L.Ed. 463.

 With respect to Kodachrome Film the petitioner limits its petition for review to the question whether it is in free and open competition with and in the same general class with black and white film. The argument is that all photographic film, whether Kodachrome or black and white, is in the "same general class," being film for taking pictures, and that color film is in free and open competition with black and white film because each competes for "the consumer dollar" inasmuch as a person about to take a picture must choose between buying a color film or a black and white film. By analogous reasoning it may be argued that champagne and Poland Spring water are competing commodities of the same general class because both are beverages and a person desiring to quench his thirst must choose which to buy; or similarly, that the various types of fuel—coal, wood, oil, gas, etc.,—are all competing commodities of the same general class. But the statutory clause under consideration must not be so broadly construed as to defeat its purpose. As clearly appears from the legislative history of the Miller-Tydings amendment,[1] the purpose was to validate resale price agreements with respect to branded commodities which are in effective competition with similar commodities produced by others so that if the resale price of the branded article were set too high the manufacturer would lose his trade by the competition of other similar articles. Hence it will not do to say that all film is in the same class. If a purchaser

wants a color film he must be able to buy it from more than one manufacturer if there is to be "free and open competition with commodities of the same general class"; that he can buy a black and white film will not serve to destroy the monopoly of the sole producer of color film. Hence we think the Commission has correctly construed the statutory phrase. The only other function of the court in this proceeding is the very limited one of determining whether there is any evidence to support the Commission's findings as to absence of competition between Kodachrome and black and white film. See Federal Trade Comm'n v. Education Society, 302 U.S. 112, 117, 58 S.Ct. 113, 82 L.Ed. 141. It will suffice to say that it is supported by the testimony of several witnesses.

The Commission's findings with respect to Magazine Film also find support in the record testimony. Accordingly the order is affirmed.

---

1 See Cong.Rec., Vol. 81, Part 7, 75th Cong., 1st Sess., pp. 7495 and 8141.